IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

NEDOLANDEZ L. SANTOS#140 896          *

     Plaintiff,          *

       v.          *          2:09-CV-135-TMH
                                    (WO)

MR. DON HUTTO, *et al*.          *

     Defendants.          *

_____


**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility in Clayton,

Alabama, filed this 42 U.S.C. § 1983 action on February 24, 2009.[1]  He brings this complaint,

as amended, against various administrators and educators at the Wallace Community College

in Dothan, Alabama, including Don Hutto, Linda York, Brenda Wade, and Mr. William. He

also names as defendants several employees of the Easterling Correctional Facility including

Warden Boyd, Warden Davenport, Captain Bryant, and Officer Temple. In this damages

action, Plaintiff contends that Defendant Hutto, a math and English instructor for the

community college, violated his constitutional rights by discharging him from school for

refusing to make jokes with the instructor (Mr. Hutto). (*Doc. No. 1*.)  Plaintiff further

contends that the remaining defendants, despite their supervisory positions, failed to honor

---

[1] Plaintiff filed the instant action while incarcerated at the Easterling Correctional Facility.

Plaintiff's request to investigate the matter.  (*Doc. No. 28.*)   Upon review of Plaintiff's complaint, as amended, the court finds it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B) prior to service of process.[2]

## I.  Background

According to the complaint, Defendant Hutto is a math and English instructor for the Wallace Community College located in Dothan, Alabama. Plaintiff asserts that Defendant Hutto violated his constitution right to an education by discharging him from school over his wish not to make jokes with the instructor.  Plaintiff requests that Defendant Hutto be held liable for violating his right to equal protection in this regard and seeks a damage award in the amount of $10,000.00.  In his amended complaint, the court understands Plaintiff to allege that he advised the remaining defendants of Defendant Hutto's conduct and requested an investigation into the matter. He complains, however, that no action has been taken. (*See Doc. Nos. 1, 28.*)

## II.  Discussion

*A. Equal Protection*

Plaintiff complains that Defendant Hutto violated his right to equal protection by

---

A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, notwithstanding payment of the filing fee or any initial partial filing fee, this court must dismiss a case prior to service of process if the court determines that the action is  subject to dismissal under  the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) or (iii).

discharging him from school over his refusal to make jokes with the instructor. Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show

discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *GJR Inv., Inc. v. County of Escambia,* 132 F.3d 1359, 1367-68 (11th Cir. 1998); *Coon v. Ga. Pac. Corp.,* 829 F.2d 1563, 1569 (11th Cir. 1987).

Inmates themselves do not constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment.  Here, what Plaintiff complains of is his disappointment in being discharged from educational classes for not wishing, as he claims, to make jokes with the instructor.  Plaintiff regards this conduct as actionable unequal treatment.  Nevertheless, Plaintiff not only fails to allege that he was similarly situated to other inmates who were treated differently but also fails to allege that Defendant Hutto's conduct subjected him to any tangible unequal treatment  such as Defendant Hutto's decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting this claim, without more, do not rise to the level of a constitutional violation.

*B.  Respondeat Superior*

Plaintiff alleges that Defendants Wade, York, William, Boyd, Davenport, Bryant, and Temple failed to investigate Defendant Hutto's actions despite Plaintiff's request that they look into the matter. He asserts that "[t]hese highly respected people[] who[] [are] trusted with high possition [sic] and authority refused or ignored [his] cry for help and justice..." (*Doc. No. 28 at pg. 3.*)   To the extent Plaintiff seeks to impose liability on these defendants

on the basis of *respondeat superior*, he is entitled to no relief.  The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92 (1978); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir. 1993). In light of the foregoing, the court concludes that Plaintiff's claims against the above-named defendants  lack an arguable basis in law and are, therefore, subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

*C.  Due Process*

To the extent Plaintiff alleges that his dismissal from educational classes deprived him of due process, he is entitled to no relief. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest which is in some way protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court abandoned its former methodology for determining the existence of a liberty interest. Under such previous case law, a federal court ascertained whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official

5

discretion." *Id.* at 480.  The *Sandin* Court held, however, that federal courts must instead look to the nature of the restraint imposed, rather than statutory or regulatory language, to determine if a state created a liberty interest.

> Following *Wolff*,[3] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . .  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

515 U.S. at 483-484 (1995) (footnote added) (citations omitted).   Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause.  *Id.*  at 484.

Here, the court understands Plaintiff to argue that Defendant Hutto's decision to discharge him from school amounted to a violation of his right to due process by impeding his "constitution[al] right to education."  Plaintiff, however, as an inmate in the Alabama prison system has no  state-created liberty interest which entitles him to participation in favorable prison programs, including educational classes.  *See Sandin*, 515 U.S. 484. Because Plaintiff's claims regarding his discharge from education classes at the  Easterling Correctional Facility fails  to state a constitutional violation, it is due to be dismissed under the provisions of  28 U.S.C. § 1915(e)(2)(B)(i).

---

*Wolff v. McDonnell*, 418 U.S. 539 (1974).

### III.  Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that  Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 12, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) ( *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of April 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE